SHELLEY L. STANGLER, P.C.
155 MORRIS AVENUE 2ND FLOOR
SPRINGFIELD, NJ 07081
PHONE (973) 379-2500 FAX (973) 279-0031
**Attorney for Plaintiff**

| | |
|---|---|
| **ALISON MOE,** )<br><br>  **Plaintiff,** )<br><br>  vs. )<br><br> **SETON HALL UNIVERSITY,** )<br> **BRIAN B. SHULMAN, Ph.D,** )<br> **JOSEPH MONOCO, PA-C,  JAMES** )<br> **PHILLIPS, Ph.D., ELLEN MENDEL,** )<br> **M-PA, ABC ENTITIES 1-5, JOHN** )<br> **DOES 1-10, (as yet unidentified** )<br> **entities and persons),** )<br><br>  **Defendants.** ) | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: ESSEX COUNTY**<br>**DOCKET NO:**<br><br>**CIVIL ACTION**<br><br>**AMENDED**<br>**COMPLAINT and JURY DEMAND** |

Plaintiff, residing in the County of Dekalb and State of Georgia, by way of complaint against defendants, sets forth the following:

## FIRST COUNT

1.  At all relevant times herein plaintiff ALISON MOE ("MOE") was a resident of the County of Kings and  State of New York, and currently resides in Dekalb County, City of Atlanta and State of Georgia.

2.  At all relevant times herein defendant SETON HALL UNIVERSITY was and is, upon information and belief, an entity and institution organized and existing under the laws of the State of New Jersey for the purposes of providing higher education, training and certification to students, and more particularly operating a program to educate and certify students in the field of Physician Assistant, under the auspices of the

School of Graduate Medical Education, with a place of business at 400 South Orange Avenue, South Orange, New Jersey 07079.

3.    At all relevant times herein defendant BRIAN B. SHULMAN, PhD, was the Acting Dean of the School of Graduate Medical Education operated by the defendant SETON HALL UNIVERSITY ("UNIVERSITY").

4.    At all relevant times herein defendant JOSEPH MONOCO,PA-C ("MONOCO"), upon information and belief,  was  the Acting Chair of the Department of Physician Assistant and employee of defendant  UNIVERSITY, responsible for supervising plaintiff in her academic program.

5.    At all relevant times herein defendant JAMES PHILLIPS, Ph.D. ("PHILLIPS") was, upon information and belief the chair of the Committee responsible to hear and determine disciplinary and academic disputes and complaints at the defendant UNIVERSITY.

6.    At all relevant times herein defendant ELLEN MENDEL,M-PA ("MENDEL") was, upon information and belief, a professor who supervised and graded plaintiff.

7.    At all relevant times herein defendants ABC ENTITIES 1-10 and JOHN DOES 1-10 are as yet unidentified entities or persons responsible for the provision of educational services, promulgation of plaintiff's PA program, or individual supervisors, professors or administrators having control over the plaintiff, her work, her grades and her ability to graduate.

8.    Plaintiff MOE was admitted to the Physician Assistant ("PA") program at

2

defendant UNIVERSITY  and matriculated in the three (3) year program commencing September 2003.

9.     Plaintiff MOE was an excellent student maintaining an "A" average for the first and part of the second year of school,  and conducted herself and her studies without incident for the first two (2) years.

10.     Plaintiff was made aware that the grading system for the PA program and other schools, departments or divisions of defendant UNIVERSITY differed in that the letter grades of "A," "B," "C," and others were based on different grade point averages determined by numbers.

11.     For example, the PA program required a grade point average of 3.5 for an "A,"  but a grade point average of 3.7 had to be attained at the other schools, departments, or divisions required for an equivalent of an "A."

12.     The UNIVERSITY required a grade point average of 3.0 to graduate, which correlated to a "B" average.

13.     Plaintiff was engaged in a joint project with two (2) other students which involved the relationship between irritable bowel syndrome and stress.

14.     During the course of the project plaintiff learned of certain improprieties and problems with the protocol  and methodology utilized by the students in their work, as well as some behavioral issues, and advised the professor accordingly.

15.     The professor involved, defendant. ELLEN MENDEL, M-PA, ("MENDEL"), permitted the offending students as well as plaintiff to redo their papers.

16.     A requirement for completion of the project was attendance and presentation of the report to judges at the Research Colloquium.

17.     Plaintiff was the only student to attend the Research Colloquium, gave the presentation without assistance, and won an award for the work. Despite this, Professor MENDEL unjustly and without academic cause retaliated against plaintiff and awarded plaintiff a C on the same project for the same work for which the other two (2) students were awarded a B+.

18.     Plaintiff complained to her Director defendant MONICO but no action was ever taken. No hearing was ever held, plaintiff was never invited to explain or present her case, and there were no written findings or outcome known to plaintiff with respect to the complaint.

19.     The failure to hold an appropriate hearing was fundamentally unfair and a violation of due process.

20.     Defendants MENDEL, MONOCO and the UNIVERSITY'S actions were arbitrary and capricious, in violation of due process and/or were fundamentally unfair, and resulted in plaintiff obtaining less than the required 3.0 grade point average and her consequent inability to graduate as originally intended and anticipated.

21.     In addition, the UNIVERSITY misapplied the grading protocol and policies to obtain plaintiff's overall grade point average, using the policies for other departments, school and divisions instead of the grading policies, protocols and procedures for the PA program.

22.     Plaintiff complained to defendant MONICO and other representatives of the UNIVERSITY about the misapplied grading policies and the failure of the UNIVERSITY to assign or correlate the letter grades with the numbered grade point average without response.

23.     Defendant UNIVERSITY failed, refused and neglected to apply the appropriate grading standards in place to the PA program, instead using the wrong criteria to determine the grade point average of both plaintiff and others in the program.

24.     Both the failure to properly apply grading policies and the lower grade on the project combined to cause plaintiff to be barred from graduating with her peers.

25.     Thereafter upon further discussion, the defendant UNIVERSITY permitted plaintiff to complete her studies on the condition of retaking a class, successfully completing two (2) rotations and maintaining a  B average.

26.     A written contract and agreement was entered into between plaintiff and the UNIVERSITY through its employee and defendant MONOCO as to the terms and conditions of re-enrollment and completion of plaintiff's studies and ability to graduate (the "Agreement," Exhibit A- attached).

27.     Specifically, the terms of the Agreement provided that plaintiff register for a specific course and maintain a "B" average as well as successfully complete certain rotations and class work associated therewith.  There were no other terms set forth in the Agreement, other than that "This offer represents the only opportunity for you to achieve graduation."

28.     In addition, plaintiff had been provided with a student handbook which outlined the rules, regulations, procedures and policies to be adhered to by all students at the UNIVERSITY relating to requests for time off,  issues related to medical leave, and disciplinary action.

29.     The requirement for leave was stated as follows: "If a need for personal time arises, the student must submit a written request for time off at least 30 days prior to

the date. The time off must be made up within 1 week and the student must submit a letter from the preceptor of record at the rotation site verifying that the time has been made up" ( Student Handbook Policy, Exhibit "B").

30.     The Agreement executed by plaintiff did not supercede or vitiate the student handbook, nor did it purport to address or impose any additional obligations or terms on the part of plaintiff with respect to time off, medical leave and disciplinary action.

31.     In accordance with handbook policy, on July 31, 2006 plaintiff faxed a letter to the appropriate administrative office of MONOCO that she needed two (2) days off for her wedding on November 6 and November 7, 2006.

32.     In addition to the letter provided to the administration, plaintiff notified all her professors, rotation leaders   acting as preceptors that she would be taking those days off, and obtained their approval.

33.     Despite following proper protocol and procedure, defendant MONACO wrongfully and without basis  accused plaintiff of misconduct in missing her rotations and sought to have her dismissed  from the program.

34.     Plaintiff was meeting all goals and objectives academically, including obtaining a 4.0, an "A" in her epidemiology class, as well as "A" grades in her rotations up to that point.

35.     On November 21, 2006 plaintiff appeared before the Student Performance Review and Grievance Committee (SPRGC), the Committee charged with handling allegations of misconduct, specifically the charges that plaintiff improperly and without authority took off two (2) days for her wedding in November 2008.

36.    Defendant JAMES PHILLIPS Ph.D was the head and chair of the SPRGC.

37.    The SPRGC determined that plaintiff was guilty of misconduct, finding the absence from rotation "unexcused" and therefore that plaintiff was guilty of "unacceptable professional behavior."

38.    At the hearing, the committee members refused to accept proof or adduce evidence that plaintiff had fully complied with protocol and school policy, or that she had followed the handbook.

39.    Thereafter plaintiff filed an appeal to the Acting Dean, defendant BRIAN B. SHULMAN, who heard her in a closed proceeding on January 31, 2007.

40.    Plaintiff's appeal was denied by letter dated February 5, 2007 and she was dismissed from the PA program.

41.    The dismissal was solely for reasons of alleged misconduct and was not for any academic reasons or cause.

42.    Plaintiff paid tuition and associated costs, including costs of living, and lost the benefit thereof by no fault or misconduct or academic failures on her part, had followed all procedures, protocols and policies and fulfilled her obligations under the Agreement and Student Handbook.

43.    Plaintiff has since attempted admission to another school to complete her education and career objectives but has been denied admission based on the inappropriate references provided by defendants along with slanderous and defamatory statements, all to her detriment and loss.

44.    In particular, the defendants  each and every one of them caused a school transcript to be sent to another school which stated that plaintiff was dismissed for "academic" reasons as well as unacceptable professional behavior.

45.    Such statements were libelous and defamatory.

46.    The defamatory statements were viewed by Mrs. Jordana Stephens Berry, Associate Director for Student Affairs and Admissions at Mercer University College of Pharmacy and Health Sciences, in or about March 2008.

47.    On March 24, 2008 Plaintiff emailed defendant SHULMAN requesting a letter of good standing so that she may continue her education at Mercer University College of Pharmacy and Health Sciences located in Atlanta, Georgia.

48.    Plaintiff never received a response from defendant SHULMAN, who failed and refused to write a letter on plaintiff's behalf, thus continuing by omission the libel and defamatory conduct.

49.    Plaintiff has lost the opportunity to complete her education and obtain her career and occupational goals and work in her desired profession.

50.    Plaintiff was denied her liberty and property rights and interest in her education and right to pursue her academic goals.

51.    The process by which plaintiff was prohibited from graduating at the end of the 2006 school year with her peers and in completion of the PA program was fundamentally unfair, violative of procedural and substantive due process, and arbitrary and capricious.

52.    The process by which plaintiff was expelled and dismissed from the PA program in February 2007 was fundamentally unfair, violative of procedural and substantive due process and arbitrary and capricious.

53.    By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

54.    WHEREFORE, plaintiff demands judgment against defendants SETON HALL UNIVERSITY, BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D., ELLEN MENDEL, M-PA,  ABC ENTITIES 1-5, JOHN DOES 1-10,( as yet unidentified entities and persons),  for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, along with the following legal and equitable relief:

a)  an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e)  an Order requiring defendants to provide an appropriate reference for plaintiff;

f)  Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## COUNT TWO

55.     Plaintiff repeats and realleges each and every allegation contained in COUNT ONE of the Complaint as if set forth herein at length.

56.     Defendants together, in concert or separately, failed to implement, enforce, and follow their own rules, regulations, policies, protocol and procedures for the handling of grievances and complaints and failed to make appropriate and reasonable factual findings based on the evidence.

57.     By reason of the foregoing plaintiff was denied and deprived of her liberty and property interest in violation of her procedural and substantive due process rights guaranteed under the New Jersey Constitution, Article I, paragraph, 1.

58.     By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

59.     WHEREFORE, plaintiff demands judgment against defendants SETON HALL UNIVERSITY,   BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D.,   ELLEN MENDEL, M-PA,  ABC ENTITIES 1-5, JOHN DOES 1-10 (as yet unidentified entities and persons),   for compensatory damages, punitive damages, attorney's fees, costs of suit and interest, along with the following legal and equitable relief:

a) an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was

10

improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e) an Order requiring defendants to provide an appropriate reference for plaintiff;

f) Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## THIRD COUNT

60.    Plaintiff repeats and realleges each and every allegation contained in the FIRST and SECOND COUNTS as if set forth fully herein at length.

61.    At all relevant times herein defendants UNIVERSITY and ABC BUSINESS ENTITIES, upon information and belief, maintained and obtained state aid, state funding, and whose activities were so entwined with the state and state functions, including the provision of education so as to be considered a state actor for purposes of the United State Constitution.

62.    At all relevant times herein defendants BRAIN SHULMAN, Ph.D., JOSEPH MONACO, PA-C, JAMES PHILLIPS, Ph.D., ELLEN MENDEL, M-PA and JOHN DOES 1-10, as employees, agents and servants of the defendant UNIVERSITY, were acting under color of law sufficient to be held accountable for violations of the United States Constitution.

63.    At all relevant times herein the defendants, by reason of their acts,

omissions, deliberate and conscious indifference to the rights of plaintiff MOE, deprived MOE of her rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to plaintiffs pursuant to Title 42, Section 1983 of the United States Code.

64.    In particular, defendants violated plaintiff's civil rights protected and secured by and under the provisions of the First, Fifth and Fourteenth amendments to the United States Constitution and under the laws of the United States by depriving plaintiff of her liberty and property rights and interest in pursuing her education and by depriving plaintiff of equal protection and due process, both procedural and substantive.

65.    At all relevant times herein each of the individual defendants were acting within the scope of their employment with the defendant UNIVERSITY.

66.    Defendants acted with deliberate and conscious indifference and/or with reckless disregard to MOE's constitutional rights which violations arose out of a pattern or custom or policy and practice by the defendants, individually or in concert, to permit and allow the denial of due process and the failure to follow their own policies, procedures, protocol, rules and regulations pertaining to grading, grievances, complaints, time off, vacation, sick leave and discipline, among other matters as they pertained to the plaintiff.

67.    By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

68.    WHEREFORE, plaintiff has suffered monetary losses and demands judgment against defendants SETON HALL UNIVERSITY,  BRIAN B. SHULMAN,

Ph.D, JOSEPH MONOCO, P-C, JAMES PHILLIPS, Ph.D,  ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN DOES 1-10,( as yet unidentified entities and persons),  as follows:

a)  an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e)  an Order requiring defendants to provide an appropriate reference for plaintiff;

f)  Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## FOURTH COUNT

69.     Plaintiff repeats and realleges each and every allegation contained in the FIRST, SECOND and THIRD COUNTS as if set forth fully herein at length.

70.     Plaintiff signed a contract with defendants with terms and conditions for the completion of her educational program.

71.     Plaintiff obtained a student handbook, said handbook setting forth the rules, regulations, policies and procedures of the UNIVERSITY and constituting a valid and binding contract and agreement between the parties.

13

72.     Plaintiff paid tuition and all costs associated with and billed by defendants for her educational program.

73.     The tuition paid and associated costs constituted valid consideration.

74.     The actions of defendants in refusing and failing to allow plaintiff the benefit of her bargain, and failing and refusing to allow plaintiff to complete the program and attain a diploma and graduate in good standing was in violation of and breached the contract with plaintiff.

75.     By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

76.     WHEREFORE, plaintiff demands judgment against defendants SETON HALL UNIVERSITY,  BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D.,  ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN DOES 1-10,( as yet unidentified entities and persons),  as follows:

a)     an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e)  an Order requiring defendants to provide an appropriate reference for plaintiff;

f)  Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## FIFTH COUNT

77.     Plaintiff repeats and realleges each and every allegation contained in the FIRST, SECOND, THIRD and FOURTH COUNTS of the Complaint as if set forth fully herein at length.

78.     The tuition and associated costs paid by plaintiff to defendant UNIVERSITY legally and equitably obligated the UNIVERSITY and its agents, servants and employees to provide plaintiff with her diploma assuming that plaintiff met academic standards imposed.

79.     The tuition and associated costs paid by plaintiff to defendant UNIVERSITY legally and equitably obligated the UNIVERSITY and is agents, servants, and employees to provide plaintiff with her diploma assuming that plaintiff met the standards of conduct required by the UNIVERSITY and made known to the students through the Student Handbook.

80.     The relationship between the plaintiff and defendants was one of Quasi-Contract entitling plaintiff to all appropriate remedies.

81.     By reason of the failure of defendants to meet their legal and equitable obligations under the quasi-contract relationship plaintiff has been damaged.

82.     By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

83.    WHEREFORE, plaintiff demands judgment against defendants SETON HALL UNIVERSITY,  BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D.,  ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN DOES 1-10,( as yet unidentified entities and persons),  as follows:

a)  an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e)  an Order requiring defendants to provide an appropriate reference for plaintiff;

f)  Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed

## SIXTH COUNT

84.    Plaintiff repeats and realleges each and every allegation contained in the FIRST, SECOND, THIRD, FOURTH and FIFTH counts of the Complaint as if set forth fully herein at length.

85.    Defendants made an offer to plaintiff regarding the requirements to be fulfilled in order for plaintiff to achieve and attain graduation and a diploma.

86. Plaintiff accepted the terms and conditions of graduation based on the promises made to plaintiff by defendants.

87. Plaintiff fulfilled the terms and conditions of graduation and abided by all the rules, regulations, policies and procedures of the defendants.

88. The parties entered into an implied contractual arrangement, with consideration.

89. The terms and conditions of the implied contract were that plaintiff would abide by the terms of the Student Handbook as they applied to requests for time off.

90. Plaintiff did in fact abide by the terms of the Student Handbook and any implied terms and conditions, policies and procedures therein when requesting two (2) days off to get married and for her wedding.

91. By reason of the failure of defendants to honor and abide by the implied contract, and because of the breach of such contract, plaintiff has been damaged.

92. WHEREFORE, plaintiff demands judgment against defendants SETON HALL UNIVERSITY, BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D., ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN DOES 1-10,( as yet unidentified entities and persons), as follows:

a) an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e) an Order requiring defendants to provide an appropriate reference for plaintiff;

f) Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## SEVENTH COUNT

93.    Plaintiff repeats and realleges each and every allegation contained in the FIRST, SECOND, THIRD, FOURTH, FIFTH and SIXTH counts of the Complaint as if set forth fully herein at length.

94.    Plaintiff entered into the Agreement based upon her understanding and intent of the parties that in the event she could maintain a B and complete her rotations and remaining class she would be permitted to graduate and obtain a diploma.

95.    At no time was plaintiff informed that she was subjected to any additional conditions or requirements as to sick or time off above and beyond or different than the regular student body.

96.    Defendants would reasonably have expected that plaintiff rely upon the terms and conditions of the Agreement and any applicable Student Handbook in establishing and understanding her duties and obligations as a student and the requirements to graduate.

97.    Instead, defendants failed and refused to abide by the promises and

understandings between the parties, failed and refused to acknowledge the terms and conditions of the Agreement and the Student Handbook, and dismissed plaintiff from the program despite her compliance with same.

98.   Plaintiff relied upon the promises and understandings contained in the Agreement and the Student Handbook to her detriment.

99.   As a direct and proximate result of plaintiff's reliance, plaintiff has been damaged.

100.   By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

101.   WHEREFORE, plaintiff and demands judgment against defendants SETON HALL UNIVERSITY, BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D., ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN DOES 1-10,( as yet unidentified entities and persons), as follows:

a) an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e) an Order requiring defendants to provide an appropriate reference for plaintiff;

f)   Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## EIGHTH COUNT

102.   Plaintiff repeats and realleges each and every allegation contained in the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, and SEVENTH COUNTS of the Complaint as if set forth fully herein at length.

103.   Defendants knowingly and/or negligently made material misrepresentations of fact and/or omissions of material fact to plaintiff in connection with the contract, Agreement, terms and conditions relating to the requirements for graduation and to obtain a diploma in the PA program.

104.   In particular defendants omitted to advise plaintiff of the material fact that the student handbook setting forth the right to take time off by following protocol, did not and was not applicable to plaintiff under the terms of her specific contract; That defendants **SHULMAN, MONOCO** and **PHILLIPS.** did not intend to apply the policies, procedures and guidelines of the school pertaining to discipline to plaintiff; That plaintiff would not be accorded the same rights privileges as all other students matriculated into the PA Program, among other omissions of material fact.

105.   Further, that defendants failed and refused and intentionally withheld terms and conditions applicable to plaintiff's continued enrollment and ability to graduate; namely that she would not be allowed any time off for any reason for the semester she needed to complete her studies.

106.   Further that defendants **SHULMAN, MONOCO, PHILLIPS,** and **MENDEL** intentionally with reckless disregard misrepresented the grading policy of the PA school and misapplied the grading policy to plaintiff so that her number grade on a project was not consonant with the letter grade resulting in a wrong and incorrect number grade point average.

107.   Defendants were under duty to disclose material facts and to act in good faith in their dealings with plaintiff.

108.   Defendants breached their duty owed to plaintiff.

109.   By reason of the foregoing, plaintiff has been damaged

110.   Defendants' misrepresentations and/or omissions of material fact were knowingly and intentionally made.

111.   Defendant's misrepresentations and/or omission of material fact were made recklessly and/or wantonly.

112.   The material misrepresentation and/or omissions made by Defendants were made with the intent that Plaintiff rely on them.   Plaintiff did rely on the misrepresentations and/or omissions, and plaintiff was thereby damaged.

113.   As a direct and proximate cause of the omissions of material fact, plaintiff followed the protocols in the student handbook to request and obtain two(2) days off for her wedding, and relied on the handbook policy to her detriment, causing her to be disciplined and dismissed from the PA degree program.

114.   By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

115.    WHEREFORE, plaintiff demands judgment against defendants SETON HALL UNIVERSITY, BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D., ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN DOES 1-10,( as yet unidentified entities and persons), for compensatory damages, punitive damages, treble damages, attorneys fees, costs of suit and interest, along with the following legal and equitable relief:

a)  an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e)  an Order requiring defendants to provide an appropriate reference for plaintiff;

f)   Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## NINTH COUNT

116.    Plaintiff repeats each and every allegation contained in the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH and EIGHTH COUNTS of the Complaint as if set forth fully herein at length.

117.    Defendants have committed equitable fraud against Plaintiff.

118.   By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

119.   By reason of the foregoing, Plaintiff has been damaged.

120.   WHEREFORE, plaintiff demands judgment against defendants SETON HALL UNIVERSITY, BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D., ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN DOES 1-10,( as yet unidentified entities and persons), for compensatory damages, punitive damages, treble damages, attorneys fees, costs of suit and interest, along with the following legal and equitable relief:

a)  an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e)  an Order requiring defendants to provide an appropriate reference for plaintiff;

f)  Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## TENTH COUNT

121.    Plaintiff repeats each and every allegation contained in the FIRST, SECOND, HIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH and NINTH COUNTS of the Complaint as if set forth fully herein at length.

122.    Defendants were under an obligation to deal in good faith with Plaintiff at all times relevant herein.

123.    Defendants breached their duty and covenant of good faith and fair dealing with Plaintiff.

124.    By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

125.    By reason of the foregoing, Plaintiff has been damaged.

126.    WHEREFORE, plaintiff demands judgment against defendants SETON HALL UNIVERSITY, BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D., ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN DOES 1-10,( as yet unidentified entities and persons), for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, along with the following legal and equitable relief:

a) an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging

24

plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e) an Order requiring defendants to provide an appropriate reference for plaintiff;

f) Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## ELEVENTH COUNT

127.    Plaintiff repeats each and every allegation contained in the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, NINTH, and TENTH COUNTS of the Complaint as if set forth fully herein at length.

128.    Defendants received money from Plaintiff in the form of tuition and associated costs of education.

129.    Defendant's use of the money without conferring the educational benefit upon which it was based is inequitable and constitutes unjust enrichment.

130.    Defendants' retention of the money received from Plaintiffs constitutes unjust enrichment.

131.    By virtue of the foregoing, Defendants have been unjustly enriched, and Plaintiff is entitled to a judgment requiring Defendants to disgorge and pay all sums they have received from Plaintiff as unlawful charges.

132.   By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

133.   WHEREFORE, plaintiff demands judgment against defendants SETON HALL UNIVERSITY, BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D., ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN DOES 1-10, (as yet unidentified entities and persons), for compensatory damages, punitive damages, treble damages, attorneys fees, costs of suit and interest, along with the following legal and equitable relief:

a)  an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e)  an Order requiring defendants to provide an appropriate reference for plaintiff;

f)  Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## TWELFTH COUNT

134.    Plaintiff repeats and realleges each and every allegation contained in the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, NINTH, TENTH and ELEVENTH COUNTS as if set forth fully herein at length.

135.    At all relevant times herein defendants were under a duty to enforce and implement their grading policies in a uniform, appropriate and non-negligent manner in accordance with UNIVERSITY policy and procedure.

136.    At all relevant times herein defendants were under a duty to enforce and implement their policies and procedures regarding time off, sick leave, and other student requests in a uniform, appropriate and non-negligent manner in accordance with UNIVERSITY policy and procedure.

137.    Defendants were negligent and careless in the manner in which they determined the grade point average and grading for the plaintiff, negligent and careless in the manner in which they applied, enforced and implemented their own policies, procedures, rules and regulations, and were otherwise negligent in the handling of plaintiff's dismissal.

138.    Defendants' negligence as aforesaid was the proximate cause of plaintiff's damages.

139.    By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

140.  WHEREFORE, plaintiff demands judgment against  defendants SETON HALL UNIVERSITY,  BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D.,  ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN DOES 1-10,( as yet unidentified entities and persons), for compensatory damages, attorneys fees, costs of suit and interest, along with the following legal and equitable relief:

a)  an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e)  an Order requiring defendants to provide an appropriate reference for plaintiff;

f)  Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

### THIRTEENTH COUNT

141.  Plaintiff repeats and realleges each and every allegation contained in the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, NINTH, TENTH, ELEVENTH and TWELFTH COUNTS of the Complaint as if set forth fully herein at length.

142.   At all relevant times herein defendants were under a duty to abide by, enforce and implement their grading policies in a uniform and appropriate and fundamentally fair manner in accordance with UNIVERSITY policy and procedure.

143.   At all relevant times herein defendants were under a duty to abide by, enforce and implement their policies and procedures regarding time off, sick leave, and other student requests in a uniform, appropriate and fundamentally fair manner in accordance with UNIVERSITY policy and procedure.

144.   Defendants failed and refused to abide by, enforce and implement their own policies and procedures for grading, time off, sick leave and other student requests in a uniform, appropriate and fundamentally fair manner.

145.   Defendants failure to abide by, enforce and implement their own policies and procedures was arbitrary and capricious and violative of procedural and substantive due process as required by common law.

146.   Defendants failure to abide by, enforce and implement their own policies and procedures and deviations from same was in violation of the law involving private associations and institutions and is subject to judicial review.

147.   By reason of the foregoing, plaintiff has been damaged.

148.   By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

149.   WHEREFORE, plaintiff demands judgment against  defendants SETON HALL UNIVERSITY,  BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D.,  ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN

DOES 1-10,( as yet unidentified entities and persons), for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, along with the following legal and equitable relief:

a) an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e) an Order requiring defendants to provide an appropriate reference for plaintiff;

f) Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## FOURTEENTH COUNT

150.   Plaintiff repeats and realleges each and every allegation contained in the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, NINTH, TENTH, ELEVENTH, TWELFTH, and THIRTEENTH COUNTS of the Complaint as if set forth fully herein at length.

151.   By reason of the aforedescribed actions, breach of contract, failure and refusal to abide by, enforce and implement their own rules and regulations, policies and

procedures, violation of constitutional rights, improper, arbitrary and capricious dismissal, negligence, misrepresentation, and other actions, plaintiff was subjected to intentional infliction of emotional distress.

152.   The emotional distress was severe and outrageous.

153.   By reason of the foregoing infliction of mental distress, plaintiff has been caused to suffer pain, suffering, humiliation, embarrassment and anguish, all to her damage.

154.   By reason of the foregoing infliction of mental distress, plaintiff has been damaged.

155.   By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

156.   WHEREFORE, plaintiff demands judgment against  defendants SETON HALL UNIVERSITY,  BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D.,  ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN DOES 1-10,(as yet unidentified entities and persons), for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, along with the following legal and equitable relief:

a) an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging

plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e) an Order requiring defendants to provide an appropriate reference for plaintiff;

f) Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## FIFTEENTH COUNT

157.    Plaintiff repeats and realleges each and every allegation contained in the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, NINTH, TENTH, ELEVENTH, TWELFTH, THIRTEENTH and FOURTEENTH counts of the Complaint as if set forth fully herein at length.

158.    Since the time of her dismissal, plaintiff has sought admission at other institutions to complete her PA education.

159.    Defendants failed and refused to provide a neutral reference, instead, advising administrators of other schools and various third-parties of the findings of misconduct and what defendants have characterized as "academic" dismissal.

160.    Defendants have advised and communicated with various third parties with whom plaintiff has sought career and educational advancement of the dismissal and determinations made by defendant in regards thereto.

161.    In particular, defendants, each and everyone of them, caused a transcript to be sent to the school plaintiff sought admission to, Mercer University College of

Pharmacy and Health Sciences in Atlanta, Georgia, which stated that plaintiff had been expelled for academic cause and had exhibited unprofessional conduct.

162.    Such statements were ruinous to plaintiff's career, severely and permanently damaged her reputation and name, were outrageous in their falsity, were defamatory  and caused severe emotional distress and humiliation.

163.    The transcript  was provided to Mercer university in or about March, 2008.

164.    The transcript was viewed by Mrs. Jordana Stephens Berry, MBA Associate Director for Student Affairs and Admissions Mercer University College of Pharmacy and Health Sciences.

165.    Plaintiff knew about the libel and defamatory statements because she had seen the transcript herself.

166.    Further Dean **SHULMAN** refused to provide a character reference or provide a letter of good standing, which omission resulted in plaintiff's inability to gain admission to the Mercer University College of Pharmacy and Health Sciences, continue her education and practice in her chosen career as a Physician Assistant.

167.    The statements made on a written transcript and available to other employees of the defendant **SETON HALL UNIVERSITY** as well as others outside the **UNIVERSITY** constitutes defamatory libel.

33

168.    The statements made by defendants to other administrators and officials and third parties were and are false and defamatory.

169.    Defendants  knew or should have known that the statements were false, in that plaintiff was not dismissed for academic reasons nor did she behave unprofessionally.

170.    The statements made by defendants to third parties had no bona fide reason or basis, were not in the public interest, were made in bad faith, were unjustified and false.

171.    The statements made by defendants to third parties were not privileged.

172.    As a direct and proximate result of the defamatory statements and communications of defendants, plaintiff has been damaged in her reputation and actual harm of a material and pecuniary nature to her reputation.

173.    By reason of the foregoing, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

174.    WHEREFORE, plaintiff demands judgment against  defendants SETON HALL UNIVERSITY,  BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D.,  ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN DOES 1-10,( as yet unidentified entities and persons), for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, along with the following legal and equitable relief:

a) an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e) an Order requiring defendants to provide an appropriate reference for plaintiff;

f) Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## SIXTEENTH COUNT

175.   Plaintiff repeats and realleges each and every allegation contained in the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, NINTH, TENTH, ELEVENTH, TWELFTH, THIRTEENTH, FOURTEENTH AND FIFTEENTH counts of the Complaint as if set forth fully herein at length.

176.   By falsely and without reasonable cause expelling and dismissing plaintiff, defendants, each and everyone of them, interfered with the prospective career and economic opportunities plaintiff intended and foreseeably would have enjoyed had she been permitted to graduate from the Physician assistant Program.

177.   Defendants SHULMAN and  PHILLIPS  were not parties to the contract; which was executed between plaintiff and defendant MONOCO, acting on behalf of the UNIVERSITY.

178.   The interference by defendants  SHULMAN and PHILLIPS in failing to abide by the school's own policies and procedures for discipline and their failure to consider evidence proving that plaintiff complied with the policies regarding taking time off was reckless and constitutes malice, in that harm was inflicted with knowledge and without justification or cause.

179.   As a direct and proximate cause of the tortious interference with contractual and economic advantage, plaintiff has lost the ability to further her educational opportunities in her chosen field, lost the value of her enrollment, and has been damaged.

180.   WHEREFORE, plaintiff demands judgment against  defendants SETON HALL UNIVERSITY,  BRIAN B. SHULMAN, Ph.D, JOSEPH MONOCO, PA-C, JAMES PHILLIPS, Ph.D.,  ELLEN MENDEL, M-PA, ABC ENTITIES 1-5, JOHN DOES 1-10,( as yet unidentified entities and persons), for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, along with the following legal and equitable relief:

a)  an award of monetary damages, compensatory and punitive, along with interest, attorney's fees and costs of suit;

b) an Order adjudging and declaring that the dismissal and expulsion was improper, and is void and of no force and effect;

c) an Order prohibiting, enjoining and restraining defendants from disparaging plaintiff to other schools, person, entities or anyone seeking information about plaintiff;

d) an Order redacting and removing from plaintiff's records any disciplinary action or any kind and clearing of her records;

e) an Order requiring defendants to provide an appropriate reference for plaintiff;

f)  Reinstatement to the program with the ability to complete and graduate within the same time frame as would have been remaining had plaintiff not been dismissed.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

By: _____
**SHELLEY L. STANGLER, ESQ.**

Dated: May 18, 2009

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:24-4, Plaintiff designates, **SHELLEY L. STANGLER, ESQ.** as trial counsel.

By: _____
**SHELLEY L. STANGLER, ESQ.**

Dated: May 18, 2009